IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DR. SUSAN DENHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 2:22-cv-185 |
| | ) |
| | ) **JURY DEMAND** |
| ALABAMA STATE UNIVERSITY, | ) |
| | |
| Defendant. | |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for relief from race and gender discrimination in the denial of a promotion instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq.* The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Dr. Susan Denham ("Plaintiff") timely filed a discrimination charge against defendant Alabama State University ("Defendant") with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the last act of discriminatory treatment. Plaintiff alleged that she had been passed over for the position of Associate Dean in Defendant's College of Health Sciences because of her race and/or gender.

3. The EEOC made a cause determination on Plaintiff's charge, finding that Defendant had in fact passed Plaintiff over for the promotion because of her race and gender.

4. Plaintiff has filed this suit within 90 days after receipt of her right-to-sue notice issued from the United States Department of Justice.

## II. PARTIES

5. Plaintiff is a citizen of the United States over the age of nineteen and a resident of Montgomery County, Alabama.

6. Defendant is a state educational institution located in Montgomery, Alabama.

## III. STATEMENT OF FACTS

7. Plaintiff is a Caucasian female.

8. Plaintiff became employed by Defendant in 1998.

9. On or about November 19, 2018, Defendant posted the position of Associate Dean in the College of Health Sciences.

10. Plaintiff is and was at the time a full Professor in Defendant's Departments of Occupational Therapy and Physical Therapy.

11. Both departments are in Defendant's College of Health Sciences.

12. At the time, Plaintiff been the Chair of the Department of Occupational Therapy since 2011.

13. At the time, Plaintiff had also been the Interim Chair of the Department of Physical Therapy since 2017.

14. Defendant gave a closing date for applications for the Associate Dean position of November 28, 2108.

15. This was an unusually short window and inconsistent with Defendant's past practice of listing openings for 30 days or more.

16. Moreover, Defendant was closed four and one half of the days the position was open.

17. Also, the position was listed only on Defendant's website and no then-present employees in the college were notified it was being listed.

18. Again, this was inconsistent with Defendant's past practice.

19. Plaintiff was well-qualified for the Associate Dean position and applied for it.

20. Obtaining the position would have constituted a promotion for Plaintiff.

21. On or about December 7, 2018, Defendant selected Dr. Dartell Treadwell for the Associate Dean position.

22. Dr. Treadwell is an African-American male.

23. Dr. Treadwell had not previously worked for Defendant.

24. In the second week of January of 2019, Defendant announced the hire of Dr. Treadwell.

25. Plaintiff was more qualified for the Associate Dean position than was Dr. Treadwell.

26. In fact, at the time of his selection, Dr. Treadwell did not meet Defendant's required minimum qualifications for the position of Associate Dean.

27. At the time of Dr. Treadwell's selection, Defendant required that an Associate Dean possess credentials to rank as an associate professor.

28. Defendant's requirements at the time for credentials to rank as an associate professor included having (1) "an earned doctorate or terminal degree in the teaching field or related discipline from a regionally accredited university," and (2) "five academic years of successful teaching experience at an accredited college/university, excluding the teaching experience as a graduate assistant" with three of the years of that teaching experience having been "at the rank of assistant professor."

29. Dr. Treadwell did not have the required degree.

30. His doctoral degree was a clinical one, which is an entry level degree, and is not an academic or terminal degree.

31. In the Spring of 2019, the Commission on Accreditation in Physical Therapy Education noted Dr. Treadwell's academic doctoral degree deficiency.

32. Plaintiff had the required degree.

33. Defendant had never allowed an associate professor in the department to have merely a clinical degree before Dr. Treadwell was hired and has not since.

34. Further, Dr. Treadwell also did not have the required five academic years' of teaching at an accredited college or university.

35. Similarly, Dr. Treadwell did not have the required three years' of teaching experience at the level of assistant professor.

36. Plaintiff met these requirements.

## IV. CAUSES OF ACTION

### COUNT I

### TITLE VII

37. Paragraphs 1-36 above are incorporated by reference.

38. Defendant is and was at all times relevant to this complaint an employer as contemplated under Title VII.

39. Defendant is and was at all times relevant to this complaint Plaintiff's employer.

40. Defendant violated Plaintiff's rights under Title VII by passing her over for the position of Associate Dean in the College of Health Sciences because of her race and/or gender.

41. Plaintiff's race and/or gender was a motivating factor in Defendant's decision.

42. Plaintiff pleads both a single-motive and mixed-motive theory.

43. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, including contributions to her retirement account, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by placing her in the position she would have occupied in the absence of discrimination (or front-pay and commensurate retirement contributions), providing back-pay with interest, and ordering Defendant to pay compensatory damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from further violation of Plaintiff's rights under Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

Respectfully submitted,

/s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

/s/ Adam M. Porter
Attorney for Plaintiff